IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>JOSES RIC-E BECK,<br><br>        **Defendant.** | Case No. 24-CR-28-JFH |

### OPINION AND ORDER

Before the Court is the Government's Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts. Dkt. No. 31. Defendant's response period has elapsed without response, and this matter is ripe for decision.

### INTRODUCTION

On March 13, 2024, Defendant Joses Ric-E Beck, was charged by indictment with one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3). Dkt. No. 2. On June 10, 2024, the Government filed the notice at issue, stating its intent to introduce:

> evidence of the Defendant's past conviction for Lewd or Indecent Proposals to a Child Under 16, his prior State of Oklahoma conviction for Failure to Register as a Sex Offender, and the fact that the Defendant was on federal supervised release for his conviction in case number CR-21-142-JD at the time of the instant offense.

Dkt. No. 31, p. 2. The

The Government argues that evidence of these prior crimes and/or bad acts are res gestae of the crime charged and are also admissible under Fed. R. Evid. 404(b). The Court will analyze each of the three prior crimes/bad acts that the Government seeks to admit.

ANALYSIS

I. **Some, but not all, of the proffered evidence is res gestae evidence.**

Evidence of other crimes or bad acts is inadmissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Res gestae evidence is a narrow exception to the general proscription on other bad acts evidence. Evidence of other crimes or bad acts is res gestae of the crime charged when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). Res gestae evidence is that evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the 'res gestae'" *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quoting *United states v. Masters*, 622 F.2d 83, 86 (10th Cir. 1980)). Res gestae evidence "remains subject to Rule 403 balancing and 'will be inadmissible … if it has no proper probative value.'" *Piette*, 45 F.4th at 1155 (quoting *United States v. Irving*, 665 F.3d 1184, 1215 (10th Cir. 2011) (Hartz, J., concurring)).

Defendant is charged with one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3). To convict Defendant of the crime charged, the Government must prove:

(1) [defendant] is required to register under the Sex Offender Registration and Notification Act ("SORNA"); . . .

(2) [defendant] travelled in interstate or foreign commerce, or entered or left, or resided in, Indian country; and

(3) [defendant] knowingly failed to register or update a registration as required by [SORNA] . . . .

18 U.S.C. §2250(a); see also, *United States v. Sumner*, 15-CR-0037-CVE, 2015 U.S. Dist. LEXIS 38358, *14 (N.D. Okla. Mar. 26, 2015).

Given that the Government must prove that defendant is required to register under SORNA, evidence of Defendant's registerable offense – the past conviction for Lewd or Indecent Proposals to a Child Under 16 – is thus res gestae of the charged offense. See *United States v. Henderson*, 22-cr-00014-GFVT-MAS, 2023 U.S. Dist. LEXIS 48444, *4 (E.D. Ky. Mar. 22, 2023).

Evidence that Defendant was on federal supervised release at the time of his arrest is also res gestae in this case. Defendant's alleged failure to register was discovered by Defendant's probation officer, who will likely be a witness for the Government in this case. As such, evidence that Defendant was on federal supervised release is "part and parcel of the proof of the offense charged" and constitutes res gestae evidence. *Kimball*, 73 F.3d at 272.

The Government also intends to introduce evidence of Defendant's prior state conviction for Failure to Register as a Sex Offender. While this evidence may be admissible under 404(b), it is not, in the Court's view, sufficiently connected to the charged offense to be considered res gestae.

II. **Evidence of Defendant's prior conviction for Failure to Register as a Sex Offender is admissible under Fed. R. Evid. 404(b).**

While evidence of other crimes or bad acts is inadmissible to prove character and action in accordance with that character, Fed. R. Evid. 404(b) provides that such prior crimes or bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The Tenth Circuit has set forth a four-part test for determining if evidence is admissible under Fed. R. Evid. 404(b):

3

>   (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). Evidence of Defendant's 2015 conviction for Failure to Register as a Sex Offender in McCurtain County, Oklahoma is both relevant and offered for a proper purpose. Defendant's previous conviction for Failure to Register as a Sex Offender is relevant evidence of Defendant's knowledge of his obligation of register as a sex offender and could also be probative of absence of mistake or accident. See *United States v. Minor*, 498 F. App'x 278, 280 (4th Cir. 2012) (finding prior state Failure to Register as a Sex Offender conviction admissible under Fed. R. Evid. 404(b) in federal Failure to Register prosecution). Should evidence of Defendant's prior conviction be admitted at trial in this case, the Court would caution the jury that such evidence is to be considered only for the proper purpose for which it was admitted.

### III.   The Government's proposed evidence is admissible under Rule 403.

Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice exists where evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In deciding whether to exclude evidence under Rule 403, "consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction and the availability of other means of proof." *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018) (internal citations omitted). While the district court has "considerable

discretion" in applying Rule 403, "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *Id*. (citing *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)).

### A. Evidence of Defendant's conviction for Lewd or Indecent Proposals to a Child Under 16 is admissible under Fed. R. Evid. 403.

As noted above, evidence of Defendant's conviction for Lewd and Indecent Proposals to a Child Under 16 is res gestae of the charged offense. The Government must prove that Defendant is required to register under SORNA, and it is this conviction that obligates Defendant to register. The fact of this prior conviction is undeniably relevant to the Government's case against Defendant; the fact of the conviction is the foundation for one of the essential elements of the charged crime. It may be the case that the details of the prior conviction pose some danger of unfair prejudice, however, the danger of unfair prejudice does not substantially outweigh the clear relevance of the prior conviction. The proposed evidence would pose no impermissible danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Exclusion of the proposed evidence under Rule 403 is not justified.

### B. Evidence that Defendant was on federal supervised release prior to his arrest is admissible under Fed. R. Evid. 403.

The fact that Defendant was on federal supervised release prior to his arrest in this case is relevant and admissible as res gestae, given that Defendant's probation officer was involved in the investigation of the charged offense and is likely to be a witness for the Government in this case. The Government's proposed evidence in this regard is appropriately limited: the Government does not seek to introduce "information that identifies the charges or the underlying conduct that resulted in Defendant's federal conviction in 2021." Dkt. No. 31, p. 3.

Particularly given the limited nature of the evidence that the Government proposes to admit, the relevance of this evidence is not substantially outweighed by danger of unfair prejudice. Evidence that Defendant was on supervised release would also pose no impermissible danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Indeed, it is likely that greater confusion would be caused by attempting to preclude mention of Defendant's supervised release. Exclusion of the proposed evidence under Rule 403 is not justified.

  **C.** **Evidence that Defendant had previously been convicted of Failure to Register as a Sex Offender is admissible under Fed. R. Evid. 403.**

Defendant's 2015 Oklahoma state court conviction for Failure to Register as a Sex Offender is relevant evidence concerning Defendant's knowledge of his obligation to register as a sex offender and also potentially relevant evidence countering potential defenses of mistake or accident. This prior conviction is "highly probative" of Defendant's knowledge of his obligation to register as a sex offender, an element of the Government's case. *Henderson*, 2023 U.S. Dist. LEXIS 48444, *9. Given the clear relevance of this evidence to the issue of Defendant's knowledge of his duty to register (often a central factual dispute in cases of this nature), the Court does not find that the relevance is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

IT IS THEREFORE ORDERED that the Government's proposed evidence set forth in its Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts [Dkt. No. 31] is deemed admissible.

Dated this 21st day of July 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE