IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>**JOSES RIC-E BECK,**<br><br>        **Defendant.** | Case No. 24-CR-028-JFH |

### OPINION AND ORDER

Before the Court is Defendant Joses Ric-E Beck's Motion to Dismiss the Indictment. Dkt. No. 94. The United States has responded to Defendant's Motion, and the matter is ripe for consideration.

Defendant argues that his 2008 Johnston County felony conviction for Lewd or Indecent Proposals or Acts to a Child under 16 was automatically rendered "null and void" by the United States Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). Dkt. No. 94 at 1. This is the central proposition upon which Defendant's Motion rests, and it is wholly incorrect. Consequently, Defendant's Motion may be readily denied.

Contrary to Defendant's representations, the *McGirt* decision did not render his sex offense conviction automatically null and void. While it is true that this conviction may have, at one time, been subject to collateral attack on the basis of the *McGirt* decision, Defendant does not contend that he ever successfully collaterally challenged this conviction. Dkt. No. 94. Defendant's sex offense conviction was never vacated, and the conviction is no longer subject to collateral attack on the basis of *McGirt*. The Oklahoma Court of Criminal Appeals has held that "*McGirt* and [its] post-*McGirt* decisions … shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021).

Moreover, even were Defendant's conviction presently subject to collateral attack on the basis of *McGirt*, that would not provide a basis for dismissal of the indictment because, at the time that Defendant failed to register as a sex offender, his sex offense conviction was indisputably still intact and unchallenged. See *United States v. Still*, 2021 WL 1914217, 2021 U.S. Dis. LEXIS 90624 (N.D. Okla. May 12, 2021) (citing *United States v. Roberson*, 752 F.3d 517 (1st Cir. 2014); *Lewis v. United States*, 445 U.S. 55 (1980)).

WHEREFORE, Defendant's Motion to Dismiss the Indictment [Dkt. No. 94] is DENIED.

Dated this 27th day of February 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE